# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| WILSON & WILSON, INC. d/b/a | * | |
| WILSON\|WILSON, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. MJM-22-2418 |
| v. | * | |
| | * | |
| PONTIAC DRYWALL SYSTEMS, INC. | * | |
| d/b/a PDSI CONTRACTORS, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Wiley & Wilson, Inc., d/b/a Wiley|Wilson ("WW"), initiated this civil action against defendant Pontiac Drywall Systems Inc., d/b/a PDSI Contractors ("PDSI"). PDSI retained the law firm of Nelson Mullins Riley & Scarborough LLP (the "Law Firm") as its representation. This matter is before the Court on two contested motions filed by the Law Firm—a Motion for Leave to Withdraw as Counsel of Record, ECF No. 72, and a Motion for Leave to File Defense Counsel's Reply Under Seal and *Ex Parte*, ECF No. 76. These motions are fully briefed, and no hearing is necessary to resolve them. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant both motions.

## I.      BACKGROUND

On the recommendation of its prior counsel in this matter, in February 2023, PDSI contacted the Law Firm to discuss its legal services and fees. ECF No. 74-1 (Travis Aff.), ¶ 9; ECF No. 75 (Law Firm Reply) at 3. ██████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████    Following this agreement, the Law Firm provided PDSI "an initial [budget] estimate" of $190,000. ECF No. 74-2 (PDSI Ex. 2); *see also* ECF No. 74-1, ¶¶ 10, 24; ECF No. 74 (PDSI Opp'n) at 4; ECF No. 75 at 4. PDSI understood this to be "the maximum [the Law Firm] would charge for the [anticipated] scope of work[,]" ECF No. 74-1, ¶ 11, but recognized "that there could be unpredictable and unforeseen events that might increase the [b]udget," *id.* ¶ 12.

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████

Following this second engagement agreement, on April 11, 2023, attorney Michael Brown entered his appearance as counsel on behalf of PDSI. ECF No. 19. While Brown was PDSI's initial point of contact at the Law Firm, two other attorneys worked on the case: Nathan Hartland and Thuc-Doan Phan. ECF No. 74-1, ¶ 14. Hartland served as the lead attorney and was primarily assisted by Phan, *id.*, who entered her appearance on behalf of PDSI on August 7, 2023, ECF No. 25. About a year into the Law Firm's representation of PDSI, Brown indicated that Hartland would need to be replaced as the lead attorney, as he "was not a good fit for [the matter]." ECF No. 74-1, ¶ 15. PDSI's case was then transitioned from Hartland and Phan to attorneys Matthew Sturtz and Joel Jordan, *id.* ¶ 16, who entered their appearances on behalf of PDSI on April 23, 2024, ECF Nos. 37 & 38.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ PDSI has failed to make any payment on the Law Firm's outstanding invoices since January 2025. ECF No. 72-2 (Law Firm Ex. A); ECF No. 72-3 (Law Firm Ex. B). Upon writing to PDSI to communicate its intent to

withdraw as its counsel, the Law Firm expressed that there "now exists irreconcilable differences between [it and PDSI] that would make it impossible for [the Law Firm] to continue on as counsel in this matter." ECF No. 72-3 (Law Firm Ex. B).

As of January 5, 2026, PDSI has paid the Law Firm $380,733.19 in legal fees and expenses related to this matter. ECF No. 74-1, ¶ 19. PDSI asserts that it "is not aware of any unpredictable or unforeseen events that have occurred in th[e] case that would account for the . . . extra legal expenses charged by . . . [the Law Firm]," and that it "cannot afford to retain new counsel." *Id.* ¶ 20.

On December 23, 2025, the Law Firm moved to withdraw its appearance as counsel for PDSI. ECF No. 72. PDSI responded in opposition, ECF No. 74, and the Law Firm subsequently replied, ECF No. 75. The Law Firm filed a motion for leave to file its reply brief under seal and *ex parte*. ECF No. 76. Again, PDSI responded in opposition, ECF No. 77, and the Law Firm subsequently replied, ECF No. 78.

## II.    MOTION FOR LEAVE TO FILE REPLY UNDER SEAL AND *EX PARTE*

In its motion seeking leave to file its reply under seal and *ex parte*, the Law Firm points out that its reply in support of its motion to withdraw contains information concerning its attorney-client relationship with PDSI that does not affect the underlying merits of the case and could place PDSI at a disadvantage in this litigation. ECF No. 76, ¶ 3. The Law Firm asserts that "[t]here are no alternatives to filing under seal and *ex parte* that would provide sufficient protection to the interests of PDSI and . . . [the Law Firm]." *Id.* ¶ 5.

In "limited opposition" to the Law Firm's sealing motion, PDSI argues that the Law Firm's failure to file a memorandum in support of its motion to withdraw violated Local Rule 105.11, and that the Law Firm now seeks to file a reply memorandum in support of its motion to withdraw

despite never previously filing any supporting memorandum. ECF No. 77 at 1. This argument needlessly elevates form over substance and is summarily rejected. The Law Firm was able to state concisely its reasons supporting its withdrawal without any substantive need for a separate memorandum. To be certain, the Law Firm's failure to place its reasons for withdrawal in a separate memorandum did not prejudice PDSI in any way.

Although it does not oppose sealing the Law Firm's reply, PDSI questions whether the Law Firm has satisfied Local Rule 105.11, which requires a party to provide "proposed reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." ECF No. 77 at 4. The Court finds that the Law Firm's reasons are adequate to justify sealing.

Accordingly, the Law Firm's sealing motion shall be granted.

## III.   MOTION TO WITHDRAW AS COUNSEL

### A.  Standard of Review

Local Rule 101.2 provides the following:

> [The] appearance of counsel [representing a corporation] may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of both the client and the resident agent or other responsible person or persons for that client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

Loc. R. 101.2(b). If no new counsel enters an appearance within thirty days of the filing of a motion to withdraw, "the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or

5

directing the party to show cause why a default should not be entered on claims asserted against it." *Id.*

"The Local Rules also adopt Maryland's Rules of Professional Conduct, . . . which impose additional limitations on withdrawal." *Remsnyder v. MBA Mortg. Servs., Inc.*, Civ. No. CCB-19-492, 2023 WL 7166353, at *2 (D. Md. Oct. 31, 2023) (citing Loc. R. 704 (D. Md. 2025)). According to the state's rules,

> an attorney may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;
>
> (3) the client has used the attorney's services to perpetrate a crime or fraud;
>
> (4) the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Md. Rule 19-301.16(b). "[F]ailure to satisfy one of the [above] subparts is not fatal to [a counsel's withdrawal] motion." *Remsnyder*, 2023 WL 7166353 at *3 n.3. Additionally,

> [c]omments 7 and 8 to [Rule 19-301.16(b)] are . . . relevant. They state:
>
> [7] A lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw *if it can be*

> *accomplished without material adverse effect on the client's interests . . . .*
>
> [8] A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.

*Al-Sabah v. Agbodjogbe*, Civ. No. ELH-17-730, 2019 WL 1472585, at *2 (D. Md. Apr. 3, 2019) (quoting Md. Rule 19-301.16, cmts. 7 & 8).

When evaluating a motion for withdrawal, courts must "consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal. If there is an impending trial or other key proceeding, failure to pay fees may not justify withdrawal." *Abbott v. Gordon*, Civ. No. DKC 09-0372, 2010 WL 4183334, at *3 (D. Md. Oct. 25, 2010) (citation omitted). "The court may nevertheless order an attorney to continue representation notwithstanding a showing of good cause for withdrawal." *Remsnyder*, 2023 WL 7166353, at *2 (citing Md. Rule 19-301.16(c)). At bottom, a motion to withdraw is committed to the district court's discretion. *Id.* at 1 (citation omitted).

### B. Analysis

The Law Firm's motion to withdraw satisfies the requirements of Local Rule 101.2. The Law Firm argues, *inter alia*, that the Court should grant its motion to withdraw because PDSI failed to pay fees as required under the engagement agreement, ██████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████ The Law Firm also argues that PDSI's failure to pay fees, coupled with its negative portrayal of the Law Firm to the Court, has caused irreparable damage to the attorney-client relationship such that withdrawal is necessary. ECF No. 75 at 2, 14.

PDSI counters that it has fulfilled its financial obligations to the Law Firm by paying it over $380,000, which is twice as much as the Law Firm estimated its legal services would cost. ECF No. 74 at 11–12. PDSI also stresses that it cannot afford to retain new counsel in this matter and thus granting the Law Firm's motion would be a "great miscarriage of justice." *Id.* at 15.

Maryland's Rules of Professional Conduct allow for attorney withdrawal where "the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled[,]" and where "the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client." Md. Rule 19-301.16(b)(5)–(6). "Courts routinely permit attorney withdrawal where clients fail to pay fees in accordance with the terms of engagement." *Abbott*, 2010 WL 4183334, at *2 (citing cases). "Where a client's failure to pay fees is accompanied by other manifestations of deterioration in the attorney-client relationship, the justification for withdrawal increases." *Id.* at *3.

The circumstances here weigh strongly in favor of allowing the Law Firm to withdraw. ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████ PDSI ████████ ██████████████████████████████████████████████, and suggests in its opposition brief that it will not make additional payments for the Law Firm's representation in this case. ECF No. 74 at 12–13. Thus, PDSI has failed to fulfill obligations to the Law Firm regarding

its services and "has been given reasonable warning that the [Law Firm] will withdraw unless the obligation is fulfilled[.]" Md. Rule 19-301.16(b)(5).

PDSI's accusations—that the Law Firm used this matter "as a training experience for younger associates," ECF No. 74 at 11, treated PDSI as though it had an "open checkbook," *id.* at 13, and misled PDSI regarding the $190,000 budget estimate, ECF No. 74-1, ¶ 11—support the Law Firm's contention that the attorney-client relationship has irreparably broken down. PDSI's insistence that it has a "good working relationship" with the Law Firm is not borne out by the record and does not outweigh the circumstances supporting withdrawal. ECF No. 74 at 14.  In sum, "the representation will result in an unreasonable financial burden on the [Law Firm] [and] has been rendered unreasonably difficult by [PDSI.]" Md. Rule 19-301.16(b)(6). The Court will not require the Law Firm to continue representation of PDSI under these circumstances or to provide its services for free.

The Court acknowledges that the Law Firm's withdrawal may burden PDSI by requiring it to obtain new counsel, but the Law Firm's withdrawal will not have a "material adverse effect" on PDSI's interests. *See* Md. Rule 19-301.16(b)(1). A trial date has not yet been set in this case, nor is there any other key proceeding presently scheduled in the case. PDSI has been afforded a reasonable period of time to obtain new counsel. Therefore, the Law Firm will be permitted to withdraw.

## IV.    CONCLUSION

For the foregoing reasons, the Law Firm's Motion for Leave to Withdraw as Counsel of Record (ECF No. 72) and Motion for Leave to File Defense Counsel's Reply Under Seal and *Ex*

*Parte* (ECF No. 76) are GRANTED. PDSI is directed to have new counsel enter their appearance

no later than **May 7, 2026.**[1]

      A separate Order will issue.


 April 7, 2026
Date

                        Matthew J. Maddox
                        United States District Judge

---

[1] The Court understands that counsel who filed responses in opposition to the Law Firm's motions on PDSI's has entered his appearance for this limited purpose. If counsel is retained to represent PDSI in the underlying litigation, he shall promptly notify the Court.